L. NEEDLES BROOKER CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41651. Promulgated November 20, 1930.

*M. A. Kamsler, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

TRUSSELL: The respondent's contention is that immediately after the transfer of the partnership assets to the petitioner, Lewis and Etta Needles were in control of the petitioner corporation; that pursuant to the provisions of section 202 (c) (3) of the Revenue Act of 1921, no gain or loss should have been recognized to them (the transferors) upon such transfer in 1923; that pursuant to the provisions of section 204 (a) (8) of the Revenue Act of 1926, the basis for determining gain or loss " shall be the same as it would be in the hands of the transferor," that is, the cost to Lewis and Etta Needles; and, further, that in computing gain or loss such basis should be reduced by the accumulated depreciation from the date of acquisition by the partnership to the date of sale in 1926. The respondent also contends that the allowable deduction for depreciation for the year 1926 should be computed upon the same basis, that is, cost of the assets to the partnership.

The petitioner's contention is that after the transfer of the partnership assets to the petitioner in 1923, Lewis and Etta Needles were not in control of the corporation within the provisions of section 202 (c) (3) of the Revenue Act of 1921, and that the basis for computing gain or loss and also depreciation is the actual cost of the said assets to the petitioner in 1923.

The Revenue Act of 1921 provides:

SEC. 202. (c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

 *   *   *   *   *   *   *

(3) When (A) a person transfers any property, real, personal or mixed, to a corporation, and immediately after the transfer is in control of such corporation, or (B) two or more persons transfer any such property to a corporation, and immediately after the transfer are in control of such corporation, and the amounts of stock, securities, or both, received by such persons are in substantially the same proportion as their interests in the property, before such transfer. For the purposes of this paragraph, a person is, or two or more persons are, " in control " of a corporation when owning at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

Clearly, the above quoted section is not applicable to the facts in the case at bar, for the testimony establishes that in 1923 petitioner purchased the partnership assets for $142,000 in cash and 3,530 shares of its capital stock and that immediately after the transfer the transferors, Lewis and Etta Needles, were not in control of the petitioner within the meaning of the said section, for they received and held less than 80 per cent of the petitioner's stock. The provisions of section 203 (b) (4) of the Revenue Act of 1926, while not identical as to the language employed, are the same for all intents and purposes as those of the above quoted section 202 (c) (3) of the 1921 Act and are not applicable to the case at bar. Accordingly, this petitioner's gain or loss on the assets sold in 1926 may not be properly determined upon the basis provided for by section 204 (a) (8) of the Revenue Act of 1926, that is, upon the basis of the cost of the assets to the transferors less accumulated depreciation from the date of acquisition by the transferors.

In our opinion the facts of record bring this case within the following provisions of section 204 (a) of the Revenue Act of 1926:

SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; * * *

The gain derived or the loss sustained by this petitioner upon the assets sold in 1926, should be determined upon the basis of the cost of such assets to it in 1923, and that basis should be adjusted, that is, diminished pursuant to section 202 of the Revenue Act of 1926, by depreciation allowed since acquisition by this petitioner.

Section 204 (c) of the Revenue Act of 1926 provides:

The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, * * *

Accordingly, the allowable deduction for 1926 for depreciation upon petitioner's fixed assets should be computed upon the basis of the cost of such assets to this petitioner.

*Judgment will be entered pursuant to Rule 50.*